**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff,<br>v.<br>JAHVARIS LAMOUN SPRINGFIELD, Defendant. | Case No.: 20-cr-02923-DMS<br>24-cv-02359-DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Pending before the Court is Defendant Jahvaris Lamoun Springfield's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Motion"). (Mot., ECF No. 112). The Government has filed an opposition. (Opp'n, ECF No. 117). Although the Court granted Defendant an extension of time to file a reply, he has not filed one. (ECF No. 120). For the following reasons, Defendant's Motion is denied.

## I. BACKGROUND

On September 22, 2020, a grand jury returned an indictment charging Defendant with the Distribution of Fentanyl Resulting in Death, arising from the February 5, 2019 overdose death of Brendan Gallagher. (ECF No. 1 at 1; *see* Opp'n 2); *see* 21 U.S.C. § 841(a)(1), (b)(1)(C). The case proceeded to trial before the Honorable Larry A. Burns on August 24, 2021. (ECF No. 57). At the close of the Government's case, defense counsel made a timely Rule 29 Motion for Judgment of Acquittal. (ECF No. 71 at 19); *see* Fed. R.

Crim. P. 29 ("After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."). The Court initially reserved on the question and later, denied the motion once jury deliberations had started. (ECF No. 71 at 19–21); Fed. R. Crim. P. 29 ("The court may reserve decision on the motion, proceed with the trial . . . , submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict."). The Court held that a reasonable trier of fact, viewing the evidence in the light most favorable to the Government, could find all of the essential elements beyond a reasonable doubt. (ECF No. 71 at 19–21). On August 27, 2021, the jury returned a guilty verdict. (ECF No. 62).

After the jury was excused, the Court noted that a phone admitted as an exhibit was found in the jury room out of its packaging. (ECF No. 72 at 16). Defense counsel orally moved for a mistrial due to juror misconduct and the Court reserved on the issue while counsel contacted jurors to determine how the phone came out of the bag and whether it was turned on during deliberations. (*Id.* at 19–22; ECF No. 68). The Parties subsequently agreed that the phone was not used during deliberations. (ECF No. 69). However, during the brief investigation, the jury foreperson told a defense investigator that "some jurors voiced disappointment that Mr. Springfield chose not to testify" although they understood it was his right not to testify. (ECF No. 76-4 ¶¶ 9–11). Based on those statements, Defendant filed a Motion for a New Trial on January 8, 2022, alleging that the jurors' consideration of his decision not to testify demonstrated untruthful answers to material questions during *voir dire* that would have warranted a challenge for cause. (ECF No. 76 at 6). In the alternative, Defendant requested an evidentiary hearing to determine the extent of juror bias. (*Id.* at 7). On February 14, 2022, the Court heard and denied the motion because the case law did not permit the Court to consider post-trial juror statements to determine whether jurors were truthful during *voir dire*. (ECF Nos. 85, 99 at 8–9, 13 (noting that the Supreme Court had carved out racial animus as an exception)). The Court

then sentenced Defendant to 300 months of imprisonment followed by ten years of supervised release. (ECF No. 87).

On February 18, 2022, Defendant appealed the judgment, arguing that his statements to the police were not knowing, intelligent, or voluntary; that the Court's *Allen* charge was improperly coercive; that the Motion for a New Trial was erroneously denied; that the 300-month sentence was substantively unreasonable; and that reversal of the judgment warrants reversal of the restitution order. (ECF Nos. 89, 117-1); *Allen v. United States*, 164 U.S. 492 (1896). On June 29, 2023, the Ninth Circuit affirmed. *United States v. Springfield*, No. 22-50031, 2023 WL 4261366, at *2 (9th Cir. June 29, 2023). On the jury issue, the court held that "[t]he district court properly denied Springfield's motion for a new trial because the defense investigator's declaration about the jury foreman's statements concerning juror deliberations was inadmissible pursuant to Federal Rule of Evidence 606(b)." *Id.* (citing *United States v. Rutherford*, 371 F.3d 634, 639–40 (9th Cir. 2004)); Fed. R. Evid. 606(b) (prohibiting certain testimony from jurors during an inquiry into the validity of a verdict). The court declined to create a novel constitutional exception to Rule 606(b) "for evidence showing jurors considered a defendant's decision not to testify at trial." *Id.* (citing various Supreme Court cases rejecting similar exceptions). Further, the court found that "the hearsay-on-hearsay declaration Springfield presented to the [Court] . . . would not meet the high evidentiary burden required to overcome Rule 606(b)." *Id.* On December 11, 2023, the Supreme Court denied certiorari. (ECF No. 110).

In the present Motion, Defendant raises four claims: (1) ineffective assistance of counsel for failure to move for a new trial based upon jurors' concealment of information at *voir dire*; (2) ineffective assistance of counsel for failure to move the Court for a judgment of acquittal on the grounds that trial evidence was insufficient to render guilt beyond a reasonable doubt; (3) violation of Defendant's Sixth Amendment rights by the Court's failure to hold a post-trial hearing to determine jury bias; and (4) lack of subject-

matter jurisdiction. (Mot. 4–9).[1]

## II. LEGAL STANDARD

Under § 2255, the Court may "vacate, set aside or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). The prisoner is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). If the Court ultimately determines relief is warranted, it must "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

Defendant's first and second claims are for ineffective assistance of counsel. (Mot. 4–5).[2] To prevail on an ineffective assistance of counsel claim, a defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A performance is deficient where the "representation fell below an objective

---

[1] Although the Motion was docketed on December 17, 2024, it was signed on November 23, 2024, and postmarked on December 10, 2024. (Mot. 11–12). Thus, as the Government acknowledges, it is timely under the prison mailbox rule, as it was filed within a year of the denial of certiorari. (Opp'n 8 n.1; *see* ECF No. 110); *United States v. Winkles*, 795 F.3d 1134, 1136 n.1, 1146 (9th Cir. 2015); § 2255(f)(1).

[2] The Government argues that claims one and three are foreclosed by the law of the case doctrine as they were already decided on appeal. (Opp'n 9); *see Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (explaining that under the law of the case doctrine "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case"); *United States v. Jingles*, 702 F.3d 494, 500 (9th Cir. 2012) ("A collateral attack is the 'same case' as the direct appeal proceedings for purposes of the law of the case doctrine."). "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *Jingles*, 702 F.3d at 499 (citation modified). The doctrine does not reach claim one because the Ninth Circuit decided the underlying juror-misconduct issue rather than a claim about counsel's performance. *Springfield*, 2023 WL 4261366, at *2.

standard of reasonableness . . . under prevailing professional norms." *Id.* at 687–88. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In claim one, Defendant alleges that his counsel was ineffective for failing to move for a new trial based upon jurors' concealment of information at *voir dire*. (Mot. 4). However, this claim is refuted by the record, as defense counsel orally moved for a mistrial due to juror misconduct on the day the verdict was returned and later filed a written Motion for a New Trial based on the same alleged misconduct as described by Defendant. (ECF Nos. 72 at 20, 76 at 5–7). Counsel cannot have performed deficiently by failing to file a motion that was, in fact, filed. Even if the Motion were construed as challenging the manner in which defense counsel litigated the motion, Defendant has not identified any act or omission which fell below an objective standard of reasonableness. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation modified)). As Defendant has not sufficiently shown deficient performance and "because failure to meet either prong is fatal . . . there is no requirement that [the Court] address" prejudice. *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) (citation modified).

In claim two, Defendant alleges that his counsel was ineffective for failing to move for a judgment of acquittal on the grounds that trial evidence was insufficient to render guilt beyond a reasonable doubt. (Mot. 6). As before, this claim is refuted by the record. Counsel made a timely Rule 29 Motion for Judgment of Acquittal at the end of the Government's case. (ECF No. 71 at 19). The Court ultimately denied the motion, finding that a reasonable trier of fact looking at the evidence in the light most favorable to the Government could find all of the essential elements beyond a reasonable doubt. (ECF No. 71 at 19–21). Even if the claim were construed as challenging the manner in which the motion was litigated, Defendant once again has not identified an act or omission

constituting deficient performance. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). As Defendant has not shown deficient performance, his ineffective assistance of counsel claims are denied.

**B. Sixth Amendment**

Defendant's third claim alleges that the Court violated his Sixth Amendment rights by failing to hold a post-trial hearing to determine jury bias. (Mot. 7). As previously discussed, the Government argues that review of this claim is barred by the law of the case doctrine. (Opp'n 9). The relevant question here is whether the jury-bias issue was already "decided explicitly or by necessary implication in the previous disposition." *Jingles*, 702 F.3d at 499 (citation modified); *cf. United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (cautioning that "§ 2255 may not be used as a chance at a second appeal"). On direct appeal, Defendant argued that the Court erred in denying his Motion for a New Trial based on juror misconduct and requested "at a minimum, [remand] for an evidentiary hearing to develop a further record of juror misconduct." (ECF No. 117-1 at 61, 77). The Ninth Circuit rejected these arguments and affirmed, holding that the Court "properly denied Springfield's motion for a new trial because the defense investigator's declaration about the jury foreman's statements concerning juror deliberations was inadmissible pursuant to Federal Rule of Evidence 606(b)." *Springfield*, 2023 WL 4261366, at *2. Since the court declined to adopt Defendant's "novel constitutional exception to Rule 606(b)," it explicitly considered whether the Constitution required further inquiry into the juror misconduct. *Id.* Although the panel did not specifically mention the evidentiary hearing alternative, that request was predicated on the evidence being admissible. *Id.* The court explicitly rejected the evidence's admissibility, even in light of Defendant's constitutional rights. *See id.* Therefore, this issue was decided "by necessary implication." *Jingles*, 702 F.3d at 499, 502 (citation modified) ("An argument is rejected by necessary implication when the holding stated or result reached is inconsistent with the argument." (quoting *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005))). Furthermore, none of the exceptions to

the law of the case doctrine applies here. *See id.* at 502–03. Defendant has not identified a clear error causing manifest injustice, intervening controlling authority which makes reconsideration appropriate, or substantially different evidence brought forward at a subsequent trial. *Id.* Accordingly, the law of the case doctrine bars review of Defendant's Sixth Amendment claim because the issue was already decided by necessary implication. Furthermore, Defendant's claim would fail in any event as the only proffered evidence was barred by Rule 606(b), leaving nothing for an evidentiary hearing to explore.

### C. Subject-Matter Jurisdiction

Defendant's fourth claim alleges that the "Court does not have Article III Delegation of Authority to act Judicially. Municipal & State & Administrative court enforcing statutes." (Mot. 9). It is unclear what precisely Defendant is arguing. However, a claim that the Court did not have jurisdiction over his underlying criminal case is meritless. "The district courts of the United States [] have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. As Defendant was indicted for and convicted of violating 21 U.S.C. § 841(a)(1) and (b)(1)(C), the Court has jurisdiction over him. (*See* ECF No. 87). Furthermore, the Court has subject-matter jurisdiction over Defendant's present Motion as § 2255 allows a "prisoner in custody . . . [to] move the court *which imposed the sentence* to vacate, set aside or correct the sentence." § 2255(a) (emphasis added).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED.**[3] The Court **DENIES** a certificate of appealability because Defendant has not made "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)). The

[3] A hearing is not necessary because "the motion and the files and records of the case conclusively show that [Defendant] is entitled to no relief." § 2255(b).

Clerk of Court is instructed to close the associated civil case No. 24-cv-02359.

**IT IS SO ORDERED.**

Dated: August 4, 2026

Hon. Dana M. Sabraw
United States District Judge